FILED

MAR 09 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAY P. MALMQUIST, D.M.D; JAY P.
MALMQUIST, D.M.D., P.C.; RODNEY S.
NICHOLS, D.M.D., P.C.; HENRY C. WINDELL,
D.M.D.; HENRY C. WINDELL, D.M.D.,
P.C., NORTHWEST ORAL AND
MAXILLOFACIAL SURGEONS, LLC;
and GARY T. PEDERSON, D.D.S., P.C.

      Plaintiffs,

      CV. 09-1309-PK

      OPINION AND
v.      ORDER

OMS NATIONAL INSURANCE
COMPANY, an Illinois Risk Retention
Group; BRENDA L. MACLAREN-
BEATTIE dba THE MACLARENT GROUP,

      Defendants.

PAPAK, Judge:

      Plaintiffs are oral surgeons who purchased insurance from defendant OMS National

Page 1 - OPINION AND ORDER

Insurance Company (National Insurance) through its agent, Brenda MacLaren-Beattie (MacLaren). Plaintiffs' claims arise out of MacLaren's alleged failure to procure insurance for them as promised. Most recently, this court resolved cross motions for summary judgment, allowing plaintiffs' claims for negligence, breach of contract, fraud, and violation of the Oregon Unfair Trade Practices Act to advance to a jury, while granting summary judgment against plaintiffs' Washington Consumer Protection Act claim. Now before the court are National Insurance's motion for leave to file an amended answer including two new affirmative defenses[1] and a new counterclaim[2] against plaintiff Jay Malmquist and his professional corporation (#87), and plaintiffs' motion for leave to file a third amended complaint adding punitive damages allegations on their negligence, fraud, and UTPA claims (#88). I have examined briefing and heard oral argument from the parties.

Based upon agreement of the parties, plaintiffs' motion (#88) is granted and plaintiffs are ordered to immediately file a third amended complaint, including their proposed punitive damages allegations, but omitting their Washington Consumer Protection Act claim.

Further, for the reasons stated on the record in oral argument, National Insurance's motion (#87) is granted in part and denied in part. In its answer to plaintiffs' third amended complaint, National Insurance may plead its two proposed affirmative defenses, but may not

---

[1] The affirmative defenses assert: (1)that Malmquist and his professional corporation are contractually barred from making any claim against National Insurance for damages arising from costs connected with the former patient lawsuit; and (2) that damages claimed by Malmquist and his professional corporation relating to the defense of the former patient lawsuit are wholly speculative.

[2] The counterclaim alleges that Malmquist and his professional corporation breached the terms of a release agreement by seeking damages in this action relating to the former patient lawsuit.

Page 2 -OPINION AND ORDER

plead its proposed breach of contract counterclaim. National Insurance is ordered to file its amended answer immediately following the plaintiffs' filing of their third amended complaint.

Finally, the parties agree to address issues raised by the former patient lawsuit, and specifically National Insurance's newly plead affirmative defenses, through additional summary judgments motions. A schedule for summary judgment briefing will be set by separate minute order.

Dated this 9th day of March, 2010.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge