UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAY P. MALMQUIST, D.M.D.; JAY P.                   Civil No. 09-1309-PK
MALMQUIST, D.M.D., P.C.; RODNEY S.
NICHOLS, D.M.D.; RODNEY S. NICHOLS,            ORDER
D.M.D., P.C.; HENRY C. WINDELL, D.M.D.;
HENRY C. WINDELL, D.M.D., P.C.;
NORTHWEST ORAL AND MAXILLOFACIAL
SURGEONS, LLC; and GARY T. PEDERSON,
D.D.S, P.C.,

        Plaintiffs,

        v.

OMS NATIONAL INSURANCE COMPANY,
an Illinois Risk Retention Group; BRENDA
L. MACLAREN-BEATTIE, dba THE
MACLAREN GROUP,

        Defendants.

HAGGERTY, District Judge:

        Magistrate Judge Papak has issued a Findings and Recommendation [116] in this action. The Magistrate Judge recommends denying defendant OMS National Insurance Company's Motion for Summary Judgment [103]. Defendant filed timely objections to the Findings and Recommendation, and the case was referred to this court. For the following reasons, this court adopts the Findings and Recommendation [116] in its entirety.

1 -- ORDER

**ANALYSIS**

The Findings and Recommendation thoroughly summarized the factual history of this matter. This court adopts the Magistrate Judge's factual summary, and will discuss background details only as necessary to this court's ruling.

When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Unchallenged portions of the Findings and Recommendation will be adopted unless clear error appears on the face of the record. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

    1.    **Defendant's objections**

The Magistrate Judge issued two substantive findings in the Findings and Recommendation that are challenged by defendant. First, the Magistrate Judge concluded that under Oregon law it is appropriate to consider extrinsic evidence regarding the circumstances of contract formation to determine whether a contract's terms are ambiguous. Second, the Magistrate Judge concluded that the extrinsic evidence presented by plaintiffs creates an ambiguity in the language of the Release executed by plaintiffs that is sufficient to preclude defendant's motion for summary judgment. These arguments are addressed in turn.

The Magistrate Judge aptly summarized the law in Oregon regarding the use of extrinsic evidence in interpreting a contract's provisions. Although defendant asserts that *Yogman v.*

*Parrott*, 937 P.2d 1019 (Or. 1997), precludes the examination of extrinsic evidence when determining a contract's ambiguity, this court agrees with the careful analysis provided by the Magistrate Judge.  Extrinsic evidence concerning the circumstances of contract formation may be considered in determining whether an ambiguity exists.  *Fogg v. Wart*, No. CV-06-160-ST, 2006 WL 3716745, at *7 (D. Or. Dec. 14, 2006); *see also Webb v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 207 F.3d 579, 582 (9th Cir. 2000); *State v. Gaines*, 206 P.3d 1042, 1051 n.8 (Or. 2009) (citing *Abercrombie v. Hayden Corp.*, 883 P.2d 845, 853 (Or. 1994)).  Accordingly, this court must determine whether the extrinsic evidence proffered by plaintiffs demonstrates an ambiguity in the Release.

     A contract provision is ambiguous if it is capable of more than one plausible and reasonable interpretation.  *Riverside Homes, Inc. v. Murray*, 214 P.3d 835, 843 (Or. Ct. App. 2009).  Because this ambiguity threshold is low, a court should not resolve a contract dispute as a matter of law unless the meaning of the disputed provisions "is so clear as to preclude doubt by a reasonable person."  *Central Or. Indep. Health Serv., Inc. v. State*, 156 P.2d 97, 102 (Or. Ct. App. 2007) (citations omitted).

     The disputed aspect of the Release provides that no claims may be brought by plaintiffs against defendant "on account of, or in any way growing out of, or which relates to the acts or omissions alleged in [the state lawsuit by Katherine Edson] . . . ."  Jaeger Decl. at Ex. 2.  To demonstrate an ambiguity in the Release, plaintiffs offer e-mail correspondence between plaintiffs' counsel, Mark Bocci, and defendant's counsel, Tom Gordon.  In his e-mail, Bocci asked Gordon for clarification about one paragraph of the Release that was allegedly not discussed at the mediation.  Bocci Decl. at Ex. 1.  Bocci believed that the new language

3 -- ORDER

suggested that defendant was reserving the right to pursue claims against third parties. *Id.* Bocci explained that he would not object to the language of the Release if Gordon confirmed that plaintiffs' corporate counsel, Elaine Johnson, would be excluded from any further claims by defendant. *Id.*

>Gordon agreed, and responded that:
>
>[Defendant] is willing to waive any claims against Elaine Johnson to the extent that she will do the same and that [plaintiff] also agrees that he releases any claims against [defendant] related to Ms Johnson. In short, all three parties agree that there are no remaining claims of any kind, between them, either tort or contract, *with respect to the policies issued by [defendant] to [plaintiff]* . . . ."

*Id.* (emphasis added).

Defendant contends that the terms of the Release are unambiguous and broad enough to cover the breach of contract claim asserted by plaintiffs against defendant in this matter, and that Gordon's explanation does not alter its meaning. However, after reading the Release in a light most favorable to plaintiffs, the non-moving party, and in context with Gordon's e-mail, a second plausible reading of the Release emerges. The phrase "on account of, or in any way growing out of, or which relates to" in the Release could also be construed as a waiver of only those claims related to the state lawsuit based on the policies issued by defendant to plaintiffs. As the Magistrate Judge acknowledged, the evidence offered by plaintiffs does not tip the scales in favor of plaintiffs' interpretation, but only meets the low threshold to preclude summary judgment. Findings and Recommendation at 12-13. This court agrees that the minimal showing for ambiguity has been met.

The court has also reviewed the unchallenged aspects of the Findings and Recommendation, and finds no clear error. *See Campbell*, 501 F.2d at 206.

4 -- ORDER

### 2. Defendant's Motion to Strike

In its objections, defendant also moves to strike the e-mails attached to Mark Bocci's declaration on the grounds that they are inadmissible under Federal Rule of Evidence (FRE) 408(a). Rule 408 provides that evidence of "conduct or statements made in compromise negotiations" is inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, . . ." FRE 408(a).

Although the parties do not dispute that the proffered e-mails constitute statements made concerning settlement of a claim, plaintiffs have not offered the e-mails for one of the prohibited purposes. Plaintiffs have offered the statements concerning the settlement in the state law action to prove that an ambiguity exists in the Release, not to prove defendant's liability or any damages from the state law action. *See Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349, 353-54 (4th Cir. 1992) (holding that evidence of a release is not precluded by Rule 408 where it is offered to prove a party's intent with respect to the scope of a release). Moreover, defendant put the existence of the Release and its terms at issue when it sought summary judgment based on the Release. Defendant's motion to strike is denied.

### CONCLUSION

For the reasons provided, the Findings and Recommendation [116] is adopted in its entirety. Defendant's Motion for Summary Judgment [103] is DENIED.

IT IS SO ORDERED.

Dated this 1st day of August, 2011.

    /s/ Ancer L. Haggerty
    Ancer L. Haggerty
    United States District Judge